UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNETTE FLOWERS,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., f/k/a WACHOVIA MORTGAGE,

    Defendant.
_____/

No. C 11-1315 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is the motion of defendant Wells Fargo Bank, N.A., fka Wachovia Mortgage ("WFB") for an order dismissing the complaint in the above-entitled action, for failure to state a claim. Having reviewed the complaint and having read WFB's papers and carefully considered its arguments and the relevant legal authority, the court hereby GRANTS the motion.

**BACKGROUND**

    Plaintiff is the owner of real property located in Novato, California. In September 2005, she financed the property with a $376,000 loan from World Savings Bank, FSB ("World Savings"). The loan was secured by a Deed of Trust recorded against the property. World Savings was subsequently acquired by Wachovia Mortgage, FSB, which then merged into WFB in November 2009. Plaintiff defaulted on the loan, and the trustee

Cal Western Reconveyance Corporation ("Cal-Western") recorded a Notice of Default on July 15, 2010.  (Cal-Western had been substituted a trustee for Golden West Savings Association Service Co. effective July 12, 2010.)

On October 20, 2010, Cal-Western recorded a Notice of Trustee's Sale, with a sale date of November 9, 2010.  On November 8, 2010, the day before the sale, plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.  However, the bankruptcy was dismissed on January 3, 2011, for failure to file schedules and other information.

Plaintiff filed the present action on December 9, 2010, in the Superior Court of California, County of Marin, asserting claims of promise without intent to perform and fraudulent concealment, and a claim for an accounting.  Plaintiff recorded a lis pendens in the Marin County Superior Court on January 21, 2011.

Meanwhile, on January 10, 2011, plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.  Plaintiff voluntarily converted that petition to a Chapter 7 petition on February 16, 2011.  WFB removed the present action to this court on March 18, 2011, and filed a motion to dismiss on March 25, 2011.  The Bankruptcy Court issued an Order of Discharge on June 7, 2011, and the bankruptcy case was closed on June 13, 2011.

In the complaint, plaintiff alleges that WFB's attempt to foreclose on her property is unlawful because WFB does not hold the true, original note.  Cplt ¶¶ 7, 8, 18.  Plaintiff also alleges that there was "a reasonable inference of the possible likelihood of a loan modification having been presented as a viable loan option;" that she provided all the documentation requested by WFB for the loan modification; and that WFB (which plaintiff asserts had "no real interest in providing . . . [the] loan modification") denied plaintiff's request for "vague and misleading" reasons.  Cplt ¶¶ 9-12.  Finally, plaintiff alleges that WFB "used related fraudulent appraisers to give a real estate appraisal that would justify the large loan that was made" to her, and that WFB knew that the actual value of the property was "far less."  Cplt ¶ 13.

2

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94.  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949-50 (2009).  A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings, although the court may consider a matter that is properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see also Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co.,

Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all parties as authentic. See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir.1994).

B.     Defendant's Motion

WFB seeks an order dismissing the complaint pursuant to Rules 12(b)(6) for failure to state a claim. WFB argues, first, that plaintiff's claims in this action became the property of the bankruptcy estate as of the Chapter 7 conversion date, February 16, 2011, and that plaintiff therefore lacks standing to pursue these claims.

WFB also contends that plaintiff's claim that WFB is not the holder of the original note fails because possession of the original promissory note is not a prerequisite for non-judicial foreclosure in California.

In addition, WFB asserts that plaintiff fails to state a claim as to any of her causes of action to the extent they are based on lending operations, because such claims are preempted by the Federal Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq.; that the fraud claims fail for failure to plead with particularity, as required by Rule 9(b); that the fraudulent concealment claim is barred by the applicable statute of limitations; and that the complaint fails to allege facts supporting a cause of action for an accounting.

1.     Plaintiff's standing

WFB argues that plaintiff has no standing to pursue this action because her claims became the property of the bankruptcy estate on February 16, 2011 when her Chapter 13 petition was converted to a Chapter 7 petition. WFB contends that the case must be dismissed because plaintiff is no longer a real party in interest, as required by Federal Rule

4

of Civil Procedure 17(a).

Under Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." WFB asserts that although plaintiff's claims in this action arose before she filed her Statement of Financial Affairs in the bankruptcy case on January 26, 2011, she failed to list the present lawsuit in the bankruptcy petition or schedules. Accordingly, WFB asserts, it is the bankruptcy trustee, and not plaintiff, who is the real party in interest with respect to this action.

Upon a declaration of bankruptcy, all of a petitioner's property becomes the property of the bankruptcy estate. See 11 U.S.C. § 541(a). This includes "all legal or equitable interests of the debtor in property," which has been interpreted to include causes of action. Id.; see Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986), cited in In re Flores, 2010 WL 6259989 at *2-8 (Apr. 6, 2010); Rowland v. Novus Fin. Corp., 949 F.Supp. 1447, 1453 (D. Haw. 1996). Accordingly, a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims. See In re Lopez, 283 B.R. 22, 28-32 (9th Cir. 2002); In re Pace, 146 B.R. 562, 565-66 (9th Cir. 1992).

Under 11 U.S.C. § 521(1) "[t]he debtor shall file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001). If a debtor fails to properly schedule an asset, including a cause of action, "that asset continues to belong to the bankruptcy estate and does not revert to [the debtor]." Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001) (citation and quotation omitted)

Finally, "[t]he debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." Hamilton, 270 F.3d at 784–85. The property of the estate is as of the petition date, even though the action was not listed in the schedules and the property that was not abandoned nor administered, and remains the property of the estate even after the

1  bankruptcy case is closed. In re Lopez, 283 B.R. at 28.

2  Here, plaintiff filed her first Chapter 7 petition on November 8, 2010. While that case was pending, she filed the present action, on December 9, 2010. She filed no schedules or other information in that bankruptcy case, and the case was dismissed on January 3, 2011. A week later, on January 10, 2011, plaintiff filed a Chapter 13 petition, which she converted to a Chapter 7 petition on February 16, 2011. None of the schedules or other information listed plaintiff's claims in this lawsuit. WFB filed the present motion to dismiss on March 25, 2011. The Bankruptcy Court issued an Order of Discharge on June 7, 2011, and the bankruptcy case was closed on June 13, 2011.

The Bankruptcy Court's docket shows that plaintiff failed to disclose this lawsuit when she converted her Chapter 13 petition to a Chapter 7 petition. Therefore, unless plaintiff can show that her causes of action constitute exempt property or were abandoned by the bankruptcy trustee, she lacks standing to bring this action. See Rowland, 949 F.Supp. at 1454. If plaintiff lacks standing to sue, there is no "case or controversy" and this court lacks jurisdiction under Article III of the Constitution. Id. at 1453 (citing Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990)).

The court will grant plaintiff leave to amend the complaint to allege either that her claims fall under a Bankruptcy Code exemption, or that they have been abandoned by the bankruptcy trustee.

2. Authority to foreclose

WFB argues that plaintiff's claim that WFB is not the holder of the original note fails because possession of the original promissory note is not a prerequisite for non-judicial foreclosure in California.[1]

California law does not require production of the original note prior to initiation of nonjudicial foreclosure proceedings. California Civil Code § 2924 through § 2924k provide a comprehensive framework governing nonjudicial foreclosure sales. See Nguyen v.

---

[1] The court also notes that it was the trustee, Cal-Western, that recorded the Notice of Default and the Notice of Trustee's Sale.

6

Calhoun, 105 Cal. App. 4th 428, 440 (2003). California law does not require provision of the original note prior to a nonjudicial foreclosure sale. Quintos v. Decision One Mortg. Co., LLC, 2008 WL 5411636, at *3 (S.D. Cal., Dec.29, 2008).

For this reason, "there is no requirement that the trustee have possession of the physical note before initiating foreclosure proceedings." Gandrup v. GMAC Mortg., 2011 WL 703753, at *2 (N.D. Cal., Feb.18, 2011); see also Aguilera v. Hilltop Lending Corp., 2010 WL 3340566, at *3-4 (N.D. Cal., Aug. 25, 2010). Accordingly, plaintiff's claim that she is entitled to relief based on WFB's failure to provide the original note fails as a matter of law, and WFB's motion is GRANTED, with prejudice.

3.   Preemption by HOLA

WFB asserts that plaintiff's claims for fraud and her claim for an accounting are preempted by HOLA to the extent that they are based on lending operations. Wachovia (now WFB) and its predecessor, World Savings Bank, are federally chartered savings banks. WFB argues that all of plaintiffs' claims are therefore preempted by HOLA and the regulations promulgated pursuant to that statute by the Office of Thrift Supervision ("OTS").

HOLA was enacted in 1933 to regulate federally charted savings associations, and left "no room for state regulatory control." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1004-05 (9th Cir. 2008). Pursuant to 12 U.S.C. § 1464, the OTS issued 12 C.F.R. § 560.2, which provides that certain types of state laws are preempted by HOLA. Paragraph (b) of § 560.2 provides a non-exhaustive list of such laws, including state laws that purport to impose requirements regarding "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due[;] . . . disclosure and advertising[;] . . . [and] processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages [.]" 12 C.F.R. § 560.2(b)(10).

Paragraph (c) of 12 C.F.R. § 560.2 provides that certain types of state laws are not preempted, if they "only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of [§ 560.2]."

These state laws include those relating to contract and commercial law, real property law, homestead laws, tort law, criminal law, and any other law that OTS finds "[f]urthers a vital state interest" and "[e]ither has only an incidental effect on lending operations or is otherwise not contrary to the purposes expressed in paragraph (a) . . . ."

A state law of general applicability may also be preempted by HOLA "as applied."

> [T]he first step will be to determine whether the type of law in question is listed in paragraph (b) [of 12 C.F.R. § 560.2]. If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Silvas, 514 F.3d at 1004-06 (quoting OTS, Final Rule, 61 Fed.Reg. 50951, 50966–67 (Sept. 30, 1996)).

WFB contends that plaintiff's claims are based principally on the process by which WFB originated the loan, the terms of the loan, and the adequacy of the disclosures made during the origination of the loan, and that all such claims are preempted by HOLA. The court agrees.

For example, plaintiff's second cause of action for fraudulent concealment is based on alleged violations of disclosure requirements, misleading statements, and fraudulent misrepresentations. Among other things, plaintiff alleges that WFB intentionally made a loan in excess of the value of her home, and seeks to use state law to challenge the adequacy of WFB's disclosures, and its representations, regarding the loan terms. Plaintiff's third cause of action for an accounting challenges WFB's disclosure, as well as its servicing practices, by alleging that plaintiff cannot ascertain the true amount owed on the note without an accounting. These claims are preempted by HOLA, and WFB's motion is GRANTED, with prejudice.

4.   Fraud claims

Plaintiff asserts two separate fraud-based claims – promise without intent to perform, and fraudulent concealment. WFB argues that both these claims must be dismissed

8

because plaintiff fails to allege the elements of fraud with particularity.

In California, the essential elements of a claim for fraud are a misrepresentation of fact (false representation, concealment, or nondisclosure); knowledge of falsity (scienter); intent to defraud (intent to induce reliance; justifiable reliance; and resulting damage. Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004). In addition, as indicated above, "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). That is, the plaintiffs must include the "who, what, when, where, and how" of the alleged fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

Fraud allegations must be specific enough to give defendants notice of the particular misconduct that is alleged to constitute the fraud so that they can defend against the claim. Bly-McGee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). For corporate defendants, a plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Dubin v. BAC Home Loans Servicing, 2011 WL 794995 at *5-6 (N.D. Cal., Mar. 1, 2011); Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

Here, plaintiff's fraud claim fails to meet these standards. In the first cause of action for promise without intent to perform, plaintiff fails to allege a single "promise" made to her by anyone representing WFB regarding a loan modification. She first suggests that receipt of an initial loan modification package sometime in January 2010 indicates such a promise, but then concedes that this was not actually a promise when she alleges that there was "a reasonable inference of the possible likelihood of a loan modification having been presented as a viable loan option." Cplt ¶ 9.

Plaintiff also suggests that there was some further communication regarding a loan modification, as she indicates that she provided tax returns, bank statements, rental agreements, pay stubs, and proof of occupancy, upon request. Cplt ¶ 11. However, while this allegation may support a claim that plaintiff applied for a loan modification, it in no way

shows that there was any promise by WFB or any other entity that she would receive modification.

Thus, plaintiff fails to allege any misrepresentation of past or existing fact. Nor does plaintiff identify the person who allegedly made the promise, or state exactly when, where, or how it was made; or allege facts showing that she reasonably relied on the alleged promise to her detriment.

To state a cause of action for promissory fraud, she must also allege facts showing that the promise was made without any intent to perform the promise. See, e.g., Lazar v. Superior Court, 12 Cal. 4th 631, 638-39 (1996). Here, she alleges that "[d]efendants knew they had no real interest in providing plaintiff with a loan modification, because it is not in their best financial interest to do so. It is far easier and generally more profitable to just foreclose upon unsuspecting victims, such as the [p]laintiff finds themselves [sic] in currently." These allegations are too vague to put WFB on notice of the alleged fraudulent promise so that it can defend against the claim.

As for the claim of fraudulent concealment – which is based on an allegation that when WFB made the loan in 2005, it knew that the appraisal for her home did not represent the property's true value, and that it concealed this fact from her so that it could loan her more money – plaintiff has also failed to allege fraud with particularity, for the reasons stated above.

In addition, to state a claim for fraud through non-disclosure or concealment of facts, a plaintiff must plead facts showing that the defendant was under a legal duty to disclose those facts. OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp., 157 Cal. App. 4th 835, 846 (2007). The legal duty to disclose such facts requires some fiduciary or confidential relationship creating a duty of heightened disclosure. Kovich v. Paseo Del Mar Homeowners' Ass'n, 41 Cal. App. 4th 864, 866 (1996). Under California law, however, there is no such fiduciary relationship between a borrower and a lender. Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n.1 (1991).

Finally, the claim also appears to be time-barred, but it is pled so deficiently that the

court cannot be certain.  The statute of limitations for fraud claims under California law is three years.  Cal. Code Civ. P. § 338(d).  In order to fall within the limitations period, the alleged fraudulent concealment must have occurred no earlier than December 9, 2007.  The appraisal about which plaintiff complains presumably occurred prior to the September 2005 date of the loan.

However, "[t]he cause of action in [a fraud or mistake] case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  Id.  The provision tolling operation of the statute until discovery is an exception, and the plaintiff must therefore "affirmatively excuse his failure to discover the fraud within three years after it took place, by establishing facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual [or] presumptive knowledge of facts sufficient to put him on inquiry."  Sun 'n Sand, Inc. v. United Cal. Bank, 21 Cal. 3d 671, 701-02 (1978) (citations and quotation omitted).

Nevertheless, because the claim for fraudulent concealment is preempted by HOLA, the court GRANTS WFB's motion as to that claim, with prejudice.  The motion to dismiss the claim of promise without intent to perform is GRANTED, with leave to amend to plead the required elements with particularity, and to plead the facts establishing that the claim is not time-barred.

5.   Claim for accounting

WFB argues that plaintiff fails to state a claim for an accounting.  To state a cause of action for an accounting, a plaintiff must allege a fiduciary relationship or other circumstances appropriate to the remedy; and a balance due from the defendant to the plaintiff that can only be ascertained by an accounting.  Horton v. Cal. Credit Corp., 2009 WL 2488031, at *13 (S.D. Cal., Aug. 13, 2009); see also Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009).

In California, "a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstance or a finding that a joint venture exists."  Resolution Trust Corp. v. BVS

1  Development, Inc., 42 F.3d 1206, 1214 (9th Cir. 1994); see also Perlas v. GMAC Mortgage,
2  LLC, 187 Cal. App. 4th 429, 436 (2010); Nymark, 231 Cal. App. 3d at 1096.
3       Here, plaintiff has alleged no facts showing either a fiduciary relationship with WFB,
4  or some special circumstance or joint venture. Nor has plaintiff alleged any facts
5  suggesting that the balance owed on her loan cannot be ascertained through ordinary
6  means, such as requesting a written itemization from WFB. Moreover, as it is plaintiff that
7  owes money to WFB, plaintiff cannot allege that a balance is owed to her by WFB. Absent
8  such an allegation, plaintiff has no right to an accounting. See Baxter v. Krieger, 157 Cal.
9  App. 2d 730, 732 (1958). WFB's motion to dismiss plaintiff's accounting claim therefore
10 GRANTED, with prejudice.

**CONCLUSION**

12      In accordance with the foregoing, WFB's motion is GRANTED. First, for the reasons
13 set forth above, the court finds that plaintiff is not a real party in interest to this case.
14 Therefore, plaintiff is ordered to substitute or join the bankruptcy trustee, or show the
15 trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil
16 Procedure 17(a)(3). Alternatively, plaintiff may amend her complaint to allege her lawsuit is
17 exempt from the bankruptcy estate or has been abandoned by the bankruptcy trustee, if
18 that is in fact the case.

19      Second, the second cause of action for fraudulent concealment and the third cause
20 of action for an accounting are DISMISSED, with prejudice. The first cause of action for
21 promise without intent to perform is DISMISSED, with leave to amend, as stated above.
22 No additional parties or claims may be added without leave of court. Any amended
23 complaint must be filed no later than August 15, 2011.

25 **IT IS SO ORDERED.**
26 Dated: July 13, 2011

                          PHYLLIS J. HAMILTON
                          United States District Judge